1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THACH WANA,

               Petitioner,

      v.

PAMELA BONDI, *et al.*,

             Respondents.

CASE NO. 2:25-cv-02321-RSL

ORDER GRANTING A WRIT OF
HABEAS CORPUS AND
INJUNCTION

This matter comes before the Court on a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Injunctive Relief." Dkt. 1. Respondents oppose the petition. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

## BACKGROUND

Mr. Wana is a citizen of Vietnam presently detained at the Northwest ICE Processing Center in Tacoma, Washington. He is subject to a final order of removal and was originally ordered removed from the United States on April 28, 2006. On August 5, 2025, he was detained by respondent United States Immigration and Customs Enforcement ("ICE") and has been in ICE custody ever since.

Mr. Wana was born in Vietnam and admitted to the United States as a Lawful Permanent Resident in November 1990. In February 1999, Mr. Wana was convicted of

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Residential Burglary in the King County Superior Court and sentenced to 12 months and 1 day of confinement. In February 2005, Mr. Wana was convicted of Trafficking in Marijuana in Ohio and was sentenced to 5 years of confinement. While he was incarcerated for the second conviction, ICE issued a Notice to Appear and Mr. Wana was ordered removed to Vietnam. When he was released from the Ohio Penitentiary System in January 2008, the United States Office of Enforcement and Removal Operations ("ERO"), a component of ICE, placed him on an Order of Supervision. At that time, ICE was unable to effectuate his removal to Vietnam because of a lack of cooperation between the United States and Vietnam that resulted in an inability to obtain travel documents.

There is no indication that Mr. Wana failed to comply with the conditions of his release, such as annual check-in requirements or cooperating with efforts to obtain travel documents, between January 2008 and the present. Nevertheless, ERO revoked the Order of Supervision on August 5, 2025, and Mr. Wana was arrested. On September 15th, the ERO provided Mr. Wana a travel document application, which he promptly completed. More than a month later, ERO obtained necessary translations and began the process of seeking internal permissions to make a Travel Document Request ("TDR") to the government of Vietnam. As of December 4, 2025, the TDR process remained pending.

On November 19, 2025, Mr. Wana filed the present petition for writ of habeas corpus pursuant to 28 U.S.C § 2241 challenging his immigration detention under the United States Constitution, the Immigration and Nationality Act ("INA") and its implementing regulations, the Convention Against Torture ("CAT"), and the Administrative Procedure Act ("APA"). Mr. Wana argues that he is entitled to habeas relief on six grounds: (1) his recent detention is unreasonable because there is no significant likelihood of removal in the reasonably foreseeable future; (2) Mr. Wana was detained without notice and an opportunity to be heard; (3) respondents failed to comply with the requirements of 8 C.F.R. § 241.13 before detaining Mr. Wana; (4) respondents'

ORDER GRANTING A WRIT OF HABEAS CORPUS AND
INJUNCTION - 2

conduct shocks the conscience and interferes with rights at the core of our concept of ordered liberty because Mr. Wana's detention is punitive and exceeds the regulatory purpose of immigration detention; (5) deporting Mr. Wana to a third country would violate the Fifth Amendment, the CAT, the INA and its implementing regulations, and the APA; and (6) deporting Mr. Wana to a third country would constitute punitive third country banishment and violate the Fifth and Eighth Amendments. Mr. Wana seeks immediate release from custody, an order prohibiting his further detention without a hearing before a neutral decisionmaker, an order requiring respondents to reopen removal proceedings and provide notice and an opportunity to be heard before attempting to remove Mr. Wana to a third country, and a finding that third-country removal imposes unconstitutional punishment and cannot be applied.

## DISCUSSION

The Court first considers the legal standards for detaining noncitizens during immigration proceedings and then turns to the parties' arguments concerning the present immigration habeas petition.

### A. Legal Standards

The INA expressly permits detention of noncitizens who were admitted to the United States but subsequently ordered removed during immigration proceedings. 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), 1231(a). Once a noncitizen is ordered removed, the Department of Homeland Security (of which ICE is a part) has 90 days in which to accomplish removal. 8 U.S.C. § 1231. During that 90-day removal period, the noncitizen must be detained. 8 U.S.C. § 1231(a)(2). When the government fails to remove the noncitizen during that period, detention may continue if: (1) the noncitizen is "inadmissible" for specified reasons, (2) the noncitizen is "removable" as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy, or (3) the noncitizen has been "determined by the Attorney

ORDER GRANTING A WRIT OF HABEAS CORPUS AND
INJUNCTION - 3

General to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6); *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001).

Even if detention past the statutory 90-day removal period is justified under 8 U.S.C. § 1231(a)(6), the INA does not permit indefinite detention. *Zadvydas*, 533 U.S. at 682 (finding that, in order to avoid serious constitutional concerns, the INA must be interpreted to limit detention following entry of a removal order to a "period *reasonably necessary* to secure [the noncitizen's] removal" from the United States) (emphasis in original). When determining whether continued detention was justified, the reviewing court "should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the [noncitizen's] presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by the statute." *Id.* at 699-700.

The Supreme Court recognized, however, that the Executive Branch has greater immigration-related expertise, is enforcing a complex and extensive statute, and is the nation's voice in immigration matters. *Id.* at 700. In the hopes of saving federal courts from having to make difficult judgment calls regarding how much leeway to give the Executive and in order to promote the uniform administration of the statute, the Court adopted a presumptively reasonable period of detention of six months. *Id.* at 700-01. After six months of detention, a noncitizen may seek release by showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. The burden then shifts to the government to present "evidence sufficient to rebut that showing." *Id.* If the government is unable to meet its burden, then the noncitizen must be released from detention. *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

A noncitizen who is subject to a final order of removal but has been released from custody may be re-detained for failure to comply with the conditions set forth in the Order of Supervision or if, pursuant to a change in circumstances, ICE "determines that there is a

ORDER GRANTING A WRIT OF HABEAS CORPUS AND
INJUNCTION - 4

significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(1)-(2). Upon the noncitizen's return to custody, he must be given notice of the reasons his release was revoked and an opportunity to respond and submit evidence. 8 C.F.R. § 241.13(i)(3). When a noncitizen is re-detained because of a change in circumstances, 8 C.F.R § 241.13(f) sets forth the factors the government must consider when determining whether there is a significant likelihood that the noncitizen will be removed in the reasonably foreseeable future.

## B. Mr. Wana's Detention is Unlawful

### 1. Zadvydas v. Davis

Mr. Wana's immigration detention, which began on August 5, 2025, and has lasted slightly more than four months,[1] is presumptively reasonable under *Zadvydas*.[2] While the Court finds that the presumption is rebuttable, *see Sweid v. Cantu*, No. 25-cv-03590-PHX-DWL (CDB), 2025 WL 3033655, at *3 (D. Ariz. Oct. 30, 2025) and *Trinh v. Homan*, 466 F. Supp. 3d 1077, 1092 (C.D. Cal. 2020), the six-month period was established after considering congressional intent, separation of powers issues, and the preference for judicial uniformity, *Zadvydas*, 533 U.S. at 700-01. It is not, therefore, to be tossed aside lightly.

> Within the six-month window, the *detainee* must *prove* the unreasonableness of detention, and courts must accord great deference to Executive Branch determinations based on foreign policy expertise and administrative necessity. After the expiration of six months, the detainee need only offer a

---

[1] Although Mr. Wana asserts in his petition that he was held in ICE custody for "[a] few months" in 2006, the documents produced by respondents show that he was in the custody of the Ohio Penitentiary System when his order of removal was issued and his application for withholding of removal under CAT was denied. Dkt. 10-2 at 2, 5, and 6. In his reply, Mr. Wana abandons any argument that his post-removal order detention has lasted six months.

[2] The Court disagrees with the cases holding that the six-month period discussed in *Zadvydas* runs unabated from the moment a removal order becomes final, regardless whether the noncitizen is in or out of custody. The Supreme Court's interpretation of the INA was driven by the need to avoid deprivations of liberty without due process. 533 U.S. at 689-90. If a noncitizen is not detained, there is no deprivation of liberty that must be curtailed or rendered definite under *Zadvydas*.

ORDER GRANTING A WRIT OF HABEAS CORPUS AND
INJUNCTION - 5

valid reason why removal is unforeseeable, which the *government* must then *disprove*. And as time passes, the burden on the government increases accordingly. *Zadvydas*, 533 U.S. at 701 ("[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."). Thus, the presumption scheme merely suggests that the burden the detainee must carry within the first six months of postorder detention is a heavier one than after six months has elapsed.

*Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wis. 2008) (emphasis in original).

Mr. Wana argues that his continuing detention is unreasonable because his removal is not reasonably foreseeable. The record supports this argument. Mr. Wana was apparently swept back into custody during an ICE surge in immigrant re-detentions. There is no indication that respondents made an individualized determination that Mr. Wana, as opposed to a generic Vietnamese immigrant, was likely to be removed in a reasonable period of time. Respondents made no effort to apply for or obtain travel documents prior to taking Mr. Wana into custody, and there is no indication that they have yet contacted the government of Vietnam to ascertain its willingness to accept Mr. Wana. Even if they were to do so today, travel documents would not be issued for months. Petitioner has submitted evidence that, while the government of Vietnam no longer prohibits the return of individuals who, like Mr. Wana, entered the United States before 1995, obtaining travel documents for those individuals "can take many months." Dkt. 12-2 at ¶ 12. *See also* Dkt. 1 at 6-7. Just as importantly, Mr. Wana has shown that he has a constellation of characteristics and circumstances that make it unlikely that he will be granted travel documents at all. When determining whether to issue travel documents for an individual who entered the United States before 1995, the government of Vietnam evaluates and investigates the facts of each case, including whether the individual has family remaining in Vietnam, verification of Vietnamese identity, a criminal history, and the manner in which the individual left Vietnam and arrived in the United States. Dkt. 12-2 at ¶ 8. Mr.

ORDER GRANTING A WRIT OF HABEAS CORPUS AND
INJUNCTION - 6

Wana is of mixed parentage, has no documentation verifying his Vietnamese identity, has two criminal convictions, and has no family, connections, or resources to assist his return to Vietnam. Dkt. 12 at 4. Respondents' generic arguments about "Vietnamese citizens" unburdened by Mr. Wana's circumstances are not persuasive and do not raise an inference that Mr. Wana is likely to be removed in the reasonably foreseeable future.[3]

Respondents' contrary evidence consists of a declaration that is not supported by any documents and which is inadmissible. Jiarong Du, a Deportation Officer at the Northwest ICE Processing Center in Tacoma where Mr. Wana is being held, declares pursuant to 28 U.S.C. § 1746 that the "ERO determined that there was now a significant likelihood of removal in the foreseeable future due to cooperation between the United States and Vietnam" (Dkt. 9 at ¶ 8) and makes various statements regarding agreements between the two countries and ICE's 2025 successes in deporting individuals to Vietnam (Dkt. 9 at ¶¶ 15-18). First, the declaration is not asserted to be true and correct, nor is it subscribed under penalty of perjury, both of which are required by 28 U.S.C. § 1746. The declaration is therefore inadmissible and cannot be considered. Second, the declarant offers no context for or explanation of how a Deportation Officer in a facility thousands of miles away from Washington, D.C., would be privy to negotiations or agreements between sovereign nations or would otherwise have personal knowledge of what Vietnam has committed to, what prior agreements have been rescinded, or what the government of Vietnam will do. Assertions that are not based on personal <u>knowledge are similarly inadmissible under Fed. R. Ev. 602.</u>[4]

---

[3] Respondents have not argued that Mr. Wana's detention is necessary to ensure his presence if and when respondents are able to obtain travel documents. Petitioner has been working at the same job for years, and ICE clearly knew where to find him when the ERO decided that re-detention of Vietnamese immigrants was appropriate.

[4] To the extent the personal knowledge problems could be overcome by an assumption that Deportation Officer Du has access to computerized nationwide statistics regarding denials of requests for travel documents on a country-by-country basis and/or the number of individuals deported to a particular country, those statistics do not rebut petitioner's estimation that, in his case, it will take many months to obtain travel documents if they are available at all.

ORDER GRANTING A WRIT OF HABEAS CORPUS AND
INJUNCTION - 7

Mr. Wana has shown that his removal is not reasonably foreseeable. Respondents have not provided admissible evidence to rebut that showing. Respondents are therefore not permitted to hold Mr. Wana indefinitely while they request and wait for travel documents from Vietnam. "[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 699-700. The Court so holds.

### 2. 8 C.F.R. § 241.13 and Due Process

To the extent Mr. Wana seeks release from custody to remedy alleged violations of 8 C.F.R. § 241.13(i), 8 C.F.R. § 241.13(f), and the Due Process Clause of the Fifth Amendment, the relief is duplicative of that to which he is entitled under *Zadvydas*. Mr. Wana's challenges to the adequacies of the procedures used in re-detaining him are not moot, however, because he also seeks an order prohibiting his future detention without notice and a hearing before a neutral decisionmaker. The Court must therefore determine whether Mr. Wana received the process that was due and whether injunctive relief is appropriate.

Petitioner has not proven that respondents' conduct in re-detaining Mr. Wana violated 8 C.F.R. § 241.13(f) or (i). Pursuant to the regulations, ICE may revoke a noncitizen's release and take him into custody "if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). While the Court disagrees with that determination for the reasons discussed above, that does not mean that ICE did not make the determination or that it did not consider the factors set forth in 8 C.F.R.

---

The declaration itself acknowledges that when an individual does not have documentation of Vietnamese citizenship, as in this case, it typically takes 1-3 months to obtain travel documents form the time the request is made. Dkt. 9 at ¶ 19. And the assertion that "Vietnam will ultimately issue" travel documents for Mr. Wana says nothing about the timing of the issuance and does not justify the bald assertion that petitioner's removal is likely in the reasonably foreseeable future. Dkt. 9 at ¶ 20.

ORDER GRANTING A WRIT OF HABEAS CORPUS AND
INJUNCTION - 8

§ 241.13(f). Once Mr. Wana was re-detained, ICE provided notice that his release had been revoked because of a change of circumstances, Dkt. 10-3 at 5-6, and he was informally interviewed to see if he had any response to the reasons for the revocation, Dkt. 10-3 at 7. That seems to be all that is required by 8 C.F.R. § 241.13(i)(3).

Those meager procedures do not, however, provide the process due under the Fifth Amendment, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" The right to due process of law extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. For the reasons set forth by the Honorable Kymberly K. Evanson in *E.A T.-B. v. Wamsley*, 795 F. Supp.3d 1316 (W.D. Wash. 2025), the Court finds that the government action at issue here is at the core of the liberty protected by the Due Process Clause, that the risks of erroneous deprivation of liberty are high, and that the government's interest in arresting and detaining a noncitizen without a hearing is low where the noncitizen was already released because the government had been persuaded that he would not abscond and would not pose a danger to the community.

## C. Removal to a Third Country

Mr. Wana also seeks an order requiring respondents to reopen removal proceedings and provide notice and an opportunity to be heard before removing or attempting to remove him to a third country, as well as a finding that respondents' third-country removal policy imposes unconstitutional punishment and cannot be applied as written. Respondents' only answer is an assertion that Mr. Wana's concern that he might be deported to a country other than Vietnam is not ripe for consideration because "there is no concrete indication that such removal to a third country will occur" and ICE is "currently seeking a travel document to Vietnam." Dkt. 8 at 10. That respondents are currently moving through the steps necessary to remove petitioner to Vietnam does not mean that

ORDER GRANTING A WRIT OF HABEAS CORPUS AND
INJUNCTION - 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

they will forego the options set forth in ICE's July 9, 2025, internal memorandum regarding third-country removals. Dkt. 1 at 20; *Nguyen v. Scott*, No. 2:25-cv-1398-TMC, Dkt. 26-1 (W.D. Wash.). That memorandum, in conjunction with the likelihood that Mr. Wana will not be issued travel documents to Vietnam and the recent third-country deportations of hundreds of immigrants, including pre-1995 Vietnamese immigrants, give rise to an imminent threat that Mr. Wana will face third-country removal under the terms of the ICE policy memo in the absence of an injunction. Dkt. 1 at 18-21; *Nguyen v. Scott*, 796 F. Supp.3d 703, 736-37 (W.D. Wash. 2025).

In 2019, this Court held that a "noncitizen must be given sufficient notice of a country of deportation that, given his capacities and circumstances, he would have a reasonable opportunity to raise and pursue his claim for withholding of deportation." *Aden v. Nielsen*, 409 F. Supp. 3d 998 at 1009-11 (W.D. Wash. 2019). Relying on the Due Process Clause and the relevant statutes and regulations, the undersigned also held that "[g]iving petitioner an opportunity to file a motion to reopen [his removal proceedings] . . . is not an adequate substitute for the process that is due process in these circumstances." *Id.* Rather, a petitioner must be able to pursue his claim for withholding of deportation in reopened removal proceedings before an immigration judge. *Id.* The *Aden* decisions "flow directly from binding Ninth Circuit precedent," and ICE's current policy on third-country removals "contravenes Ninth Circuit law." *Nguyen*, 796 F. Supp. 3d at 727-28.

With regards to the punitive nature of ICE's current third-country removal policy, the Court adopts the reasoning set forth in *Nguyen*, 796 F. Supp. 3d at 732-35, and finds that the government is intentionally removing noncitizens to countries with which they have no connection, often in contravention of the governing statute and regulations, and knowing that they will be subject to imprisonment or other punishment. Deportation with the intent to punish is punitive and violates the Due Process Clause. *See Wong Wing v.*

ORDER GRANTING A WRIT OF HABEAS CORPUS AND
INJUNCTION - 10

*U.S.*, 163 U.S. 228, 236-38 (1896); *Abubaka v. Bondi*, No. 2:25-cv-01889-RSL, 2025 WL 3204369, at *8 (W.D. Wash. Nov. 17, 2025).

## CONCLUSION

For all of the foregoing reasons, the court GRANTS Mr. Wana's petition for writ of habeas corpus (Dkt. # 1). The Court ORDERS that Mr. Wana be released from custody immediately under the conditions of his most recent Order of Supervision and that he may not be re-detained unless and until notice and an opportunity to be heard before an immigration judge is provided to determine whether re-detention is appropriate. Respondents, their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them are PROHIBITED from (a) removing or attempting to remove Mr. Wana to a country other than Vietnam without notice and a meaningful opportunity to be heard in reopened removal proceedings before an immigration judge and (b) removing Mr. Wana to any country where he is likely to face imprisonment or other punishment upon arrival.

Dated this 15th day of December, 2025.

Robert S. Lasnik
United States District Judge

ORDER GRANTING A WRIT OF HABEAS CORPUS AND
INJUNCTION - 11